IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL MCCASLIN                                                                                    PETITIONER
ADC # 154226


VS.                              CASE NO. 5:17-CV-0077-KGB-JTK


WENDY KELLEY, Director
Arkansas Department of Correction                                                    RESPONDENT



**PROPOSED FINDINGS AND RECOMMENDATIONS**

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

   2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

   3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 1) be DISMISSED with prejudice.

## Procedural History

In November of 2013, Petitioner pled guilty to the rape of his six-year old daughter in exchange for a sentence of twenty-five (25) years of imprisonment. (DE # 11-2)  In the plea agreement, the Petitioner acknowledged that he understood the rights he was giving up by entering a guilty plea.  Furthermore, he acknowledged within his statement that he had fully discussed all matters with his counsel, and he "did in fact commit the crime(s) with which he is charged and is guilty thereof beyond every reasonable doubt."  *Id.* at 3.  The sentencing order was filed on November 15, 2013.  (DE # 11-4)  On November 16, 2013, the Petitioner wrote a letter to the circuit clerk stating that he wanted to withdraw his guilty plea and asserted that his public defender

was ineffective because he "could have done my case better." (DE # 11-5) The letter was received and filed in Garland County Circuit Court on November 20, 2013. *Id.*

On October 27, 2014, Petitioner filed a "Pro Se Motion for a State Post-Conviction Petition" in the form of a letter—and docketed by the clerk as a "letter,"—in which he contended that he received ineffective assistance of counsel and requested for his guilty plea to be reversed. (DE # 11-7) The State of Arkansas filed a response to the motion on November 3, 2014, stating that "[a]lthough not captioned properly, the Defendant's Petition appears to be a petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure." (DE # 11-8) The State argued, however, that the petition should be dismissed as untimely because it wasn't filed within ninety (90) days of the entry of the judgment. *Id.* The online docket reflects that there was no further action taken in the case regarding Petitioner's motion. (DE # 11-9)

On March 23, 2017, Petitioner filed a petition for writ of habeas corpus (DE # 1), pursuant to 28 U.S.C. § 2254, claiming that (1) he is actually innocent of the crime and (2) that his guilty plea was not knowingly, voluntarily, or intelligently entered and was based on ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments. Respondent filed her response on June 23, 2017, and admits Petitioner is in her custody and there currently are no non-futile state remedies available to him. (DE # 11) She denies, however, that Petitioner is entitled to habeas corpus relief because the petition is procedurally defaulted and time barred.

## Discussion

**I.    Statute of Limitations**

There exists a one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C.A. 2244(d)(1). The statute starts

running from the date on which the judgment became final. *Id.* In this case, the Petitioner's Sentencing Order was entered on November 15, 2013. Therefore, the Petitioner had through December, 15, 2014, to timely file his application. *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (holding the AEDPA's one-year limitation period begins to run from the date on which the thirty-day period in which to file an appeal expires, even for a criminal defendant who enters an unconditional guilty plea and generally has no right to appeal such plea). Petitioner, however, did not file this petition until March 23, 2017, and therefore, the petition is untimely.

**II.     Actual Innocence – Equitable Exception to AEDPA**

Petitioner acknowledges that his petition was filed after the statute of limitations had expired. He argues, however, that he is entitled to the equitable exception of actual innocence set out in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In *Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to have his otherwise untimely petition considered. *Id.* at 386. The Court, however, cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court, that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Furthermore, the Court held that a petitioner's diligence in proffering new evidence as well as the "likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [for actual innocence]." *Id.* at 399 (citing *Schlup*, 513 U.S. at 332). In conclusion, the Supreme Court held in *Perkins* that "[t]he gateway should only open when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 332.)

4

The Petitioner argues that he is entitled to the actual innocence exception set forth in *Perkins* because his daughter, who he confessed to raping, signed an affidavit wherein she recanted her prior incriminating statements to the police. (DE # 1) Petitioner's daughter, now ten (10) years old, entered an affidavit on August 2, 2016, stating that "my father did make me touch his penis with my hand 1 time back when I was 6 years old. He also kissed me with an open mouth (like grown-ups do). But, my father never did anything else sexually to me." *Id.* at 34. Petitioner argues that the affidavit serves as his daughter's recantation, and that no juror would have found him guilty beyond a reasonable doubt without his daughter's statement. The Court disagrees. The proffered affidavit is hardly adequate to satisfy the standard set forth in *Perkins*. Considering the evidence that would have been set forth at trial, especially the fact that the Petitioner admitted in his state court plea that he raped his daughter, there is no "new evidence" of actual innocence sufficient to excuse the untimeliness of his petition.

Petitioner appears to be arguing that his daughter's 2016 recantation completely negates her initial statement and disclosures to the police. This Court disagrees. Hypothetically, if the Petitioner were granted a new trial, his daughter's prior allegations that he raped her would be heard by the jury. Rather, credibility of the child's recantation versus the credibility of the prior statement would be determined by a jury. This Court's responsibility is to "consider 'all of the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup,* 513 U.S. at 327-328. This requires the Court to make some credibility assessments. The Eighth Circuit Court of Appeals has consistently held that "[c]ourts look upon recantations with suspicion." *United States v. Miner*, 131 F.3d 1271, 1273 (8th Cir. 1997). This is "especially applicable of cases of child sexual abuse where recantation is

5

a recurring phenomenon." *United States v. Provost*, 969 F.2d 617, 621 (8th Cir. 1992). Furthermore, the court stated that [r]ecantation is particularly common when family members are involved, and the child has feelings of guilt or the family members seek to influence the child to change her story. *Id.* It is reasonable and likely, therefore, that a juror in this case would be inclined to believe the child's prior statements to the police, rather than the later recantation. The Court does not have a trial record to review in this case due to the Petitioner's confession and his acceptance of a plea agreement. However, the facts are not nearly enough to convince this Court that no juror, acting reasonably, would have found the Petitioner guilty beyond a reasonable doubt, even with the child's recantation.

The Petitioner voluntarily entered into a Plea Agreement on November 7, 2013, in which he affirmatively admitted that he was guilty of the crime of rape and that he had previously been convicted of sexual assault in the fourth degree. (DE # 11-2) The Agreement stated that "[u]pon the voluntary plea of guilty of Defendant to the charges herein and Defendant's complete and truthful disclosure of all facts relevant to the crime charged and his/her participation therein," the State of Arkansas recommends the Defendant be sentenced to twenty-five (25) years in the Arkansas Department of Correction, to run concurrently with the five-year sentence he was already serving for the sexual assault.[1] *Id.* In the Plea and Waiver, Petitioner agrees that "he is not innocent of said charge(s) against him, did in fact commit the crime(s) with which he is charged and is guilty thereof beyond a reasonable doubt." *Id.* at 3. Furthermore, during the plea hearing the Petitioner swore under oath to the following:

---

[1] If Petitioner was granted a new trial, and he chose to take the stand in his defense, it is inevitable that the felony conviction for sexual assault in the fourth-degree would be admissible for impeachment purposes. While the Court acknowledges that it is unlikely the Petitioner would choose to testify on his own behalf for this very reason, it cannot be certain what the Petitioner would choose to do at trial. Therefore, when weighing the impact of "all of the evidence," the Court does take into consideration the effect the prior felony conviction could have on potential jurors.

> **The Court:** To the charge of rape, a class Y felony carrying a potential penalty of twenty-five to forty years, or life in prison, how do you plead?
>
> **Defendant McCaslin:** Guilty.
>
> **The Court:** State's proof?
>
> **Mr. Jones:** Your honor, State's proof beyond a reasonable doubt is that on September 25, 2012, the Defendant, Michael Shane McCaslin did within Garland County, Arkansas engage in sexual intercourse or deviate sexual activity with his six year old daughter.
>
> **The Court:** Were you able to hear the statement of the Prosecuting Attorney?
>
> **Defendant McCaslin:** Yes, sir.
>
> **The Court:** Was that statement substantially correct?
>
> **Defendant McCaslin:** Yes, sir.
>
> **The Court:** And you are guilty as charged?
>
> **Defendant McCaslin:** Yes, sir.

(DE # 11-3, pgs. 4-5). In addition to Petitioner's confession to the rape, the child made these allegations of inappropriate sexual contact with her father to more than one individual. The Petitioner acknowledges that his daughter made allegations that he touched her inappropriately to fellow students at a bus stop on her way to school, as well, as her grandmother. (DE # 1 at pgs. 1-2) The Respondent also notes that the child disclosed the allegation of rape to her school counselor. (DE # 11 at pg. 10) Lastly, there is the audio and videotaped interview conducted by Forensic Interviewer, Tracey Childress, on September 25, 2012, wherein the child described sexual acts with the Petitioner. The Petitioner argues that his daughter's statements "were simply not true and were made during a period of time in her life when she needed attention that she was not receiving." (DE # 1 at pg. 19) Given the evidence before the Court, as well as the child's age at the time of

the initial statement, and the sheer number of individuals that she confessed to in 2012, the Court does not find this argument convincing. The Petitioner has not set forth new evidence of actual innocence sufficient to excuse the untimeliness of his petition, and therefore, it should be dismissed.

### III.     Equitable Tolling

Alternatively, the Petitioner argues that "this Court should grant equitable tolling based on the fact that McCaslin was subjected to an outright denial of his right to counsel for purposes of state post-conviction review." (DE # 1) This argument has no merit.

In *Pace v. DiGuglielmo,* the United States Supreme Court held that a petitioner is entitled to equitable tolling only if he can prove: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented timely filing. 544 U.S. 408, 418 (2005). The Petitioner cannot show that he has been pursuing his rights diligently or that any extraordinary circumstance prevented a timely filing. There is no argument that the Petitioner's post-conviction petition was untimely, because it was filed more than ninety (90) days after entry of the sentencing order. In fact, his Rule 37 petition was filed nearly a year after the sentencing order was filed. Furthermore, his federal habeas petition was filed more than seven months after the date of his daughter's recantation and several years after the statute of limitations expired. Petitioner has not pursued his rights diligently. *See Nelson v. Norris*, 618 F. 3d 886 (8th Cir. 2010) (finding that petitioner was not diligent in pursuing his rights when he waited until nine months after the Arkansas Supreme Court denied rehearing to file his federal habeas petition) and *Pace,* 544 U.S. at 419 (finding that petitioner's lack of diligence precludes equity's operation where he waited five months after post-conviction proceedings became final before seeking relief in federal court). The Petitioner also has not presented any extraordinary circumstances beyond his control that made it

impossible to file his petition on time. Even if we were to assume that Petitioner's lack of post-conviction counsel is what caused the untimely filing, the Eighth Circuit has held that "ineffective assistance of counsel generally does not warrant equitable tolling." *Walker v. Norris*, 436 F. 3d 1026, 1033 (8th Cir. 2006) (quoting *Beery v. Ault*, 312 F. 3d 948, 950 (8th Cir. 2002)). Therefore, it logically follows that if ineffective assistance of counsel does not warrant equitable tolling, neither does lack of counsel. *See Kreutzer v. Bowersox*, 231 F. 3d 460, 463 (stating that even in a case of an unrepresented prisoner alleging lack of legal knowledge or legal resources, equitable tolling has not been warranted). *See also*, *Shoemate v. Norris,* 390 F.3d 595, 598 (8th Cir. 2004) (holding that a Petitioner's misunderstanding of the Arkansas rules, statutes, and the time period set forth therein do not justify equitable tolling). Accordingly, the Court finds that equitable tolling does not apply. Because the petition is untimely, the Court need not address the procedural default of Petitioner's claims or the merits of the claim of ineffective assistance of counsel surrounding his guilty plea.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 22nd day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE