# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MICHAEL MCCASLIN, ADC #154226**                                      **PETITIONER**

v.                              Case No. 5:17-cv-00077-KGB

**WENDY KELLEY**                                                       **RESPONDENT**

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney on March 22, 2019 (Dkt. No. 14). Petitioner Michael McCaslin has filed objections to Judge Kearney's Proposed Findings and Recommendations (Dkt. No. 15). After careful review of the Proposed Findings and Recommendations and Mr. McCaslin's objections thereto, as well as a *de novo* review of the record, the Court finds no reason to alter or reject Judge Kearney's conclusions. The Court writes separately to address briefly Mr. McCaslin's objections.

In his objections to Judge Kearney's Proposed Findings and Recommendations, Mr. McCaslin requests an evidentiary hearing before this Court (Dkt. No. 15, at 1). Under the federal habeas statute, evidentiary hearings in habeas proceedings are barred, unless the petitioner shows that his claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence," and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). In such a case, "the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). An evidentiary hearing is not necessary if such a hearing would not assist in the resolution of the petitioner's claims. *See*

*Johnston v. Luebbers*, 288 F.3d 1048, 1059 (8th Cir. 2002). Here, the Court finds that, even if Mr. McCaslin is not barred from obtaining an evidentiary hearing by § 2254(e)(2), such a hearing would not assist the Court in the resolution of his claims. Therefore, the Court denies Mr. McCaslin's request for an evidentiary hearing.

Apart from his request for an evidentiary hearing, Mr. McCaslin's objections largely track the factual allegations and arguments raised in his petition for a writ of *habeas corpus*. The Court agrees with Judge Kearney's evaluation of Mr. McCaslin's actual-innocence claim, which it incorporates by reference.

Mr. McCaslin does not object to the portion of the Proposed Findings and Recommendations recommending that his ineffective-assistance-of-trial-counsel claim be dismissed as untimely. Instead, Mr. McCaslin argues that the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), excuses the untimeliness of this claim. However, as this Court has previously written, there is nothing in *Martinez* or its subsequent decision in *Trevino v. Thaler*, 569 U.S. 413 (2013), that indicates that the Supreme Court intended the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), to be affected. *See Daniels v. Hobbs*, No. 5:13-CV-00367-KGB, 2014 WL 7010821, at *2 (E.D. Ark. Dec. 10, 2014) ("Whether a claim is procedurally defaulted, which concerns whether a prisoner fairly presented his claim for one full round of review at the state level, is a completely distinct question from whether it is barred by the AEDPA's statute of limitations, which concerns whether a prisoner brought his federal habeas petition within one year of the conclusion of his state proceedings."). The Court agrees with Judge Kearney that there are no grounds for equitably tolling the AEDPA limitations period.

Additionally, even if the Court were to equitably toll the AEDPA's limitations period, it would still decline to consider the merits of Mr. McCaslin's ineffective-assistance-of-trial counsel claim. The Supreme Court has held that:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. McCaslin concedes that his ineffective-assistance-of-trial-counsel claim is defaulted because it was not raised in a timely-filed petition for post-conviction relief (Dkt. No. 15, at 4). Accordingly, habeas relief is unavailable, unless Mr. McCaslin can show cause and prejudice. To establish cause, Mr. McCaslin relies on *Martinez v. Ryan*, in which the Supreme Court announced that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. 1, 17 (2012). "The primary concern evident from this analysis is the prisoner's potential inability—caused by ineffective counsel or a complete lack of counsel altogether—to present the merits of his ineffective assistance claim to some court with the authority to decide the matter." *Franklin v. Hawley*, 879 F.3d 307, 312 (8th Cir.), *cert. denied*, 139 S. Ct. 116 (2018).

To establish prejudice, the prisoner must show that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 14. "If the habeas claimant can also show prejudice, the procedural default may be excused and the merits of the trial level ineffectiveness claim may be reached by the habeas court." *United States v. Lee*, 792 F.3d 1021, 1024 (8th Cir.

3

2015), *as corrected* (Dec. 14, 2015); *see also Martinez*, 566 U.S. at 17 ("A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted."). The Eighth Circuit has held that *Martinez* and its progeny apply to cases arising from Arkansas. *See Sasser v. Hobbs*, 735 F.3d 833, 853 (8th Cir. 2013).

*Martinez* does not apply in this. Because Mr. McCaslin did not file a timely petition for post-conviction relief, Mr. McCaslin's ineffective-assistance-of-trial-counsel claim is untimely, not procedurally defaulted as that term is used in *Martinez*. While the Eighth Circuit has not squarely addressed the issue, at least two district courts in the Eastern District of Arkansas have held that "[a]ny *Martinez* based argument applies to procedural bar analysis, but does not apply [to] untimeliness issues." *Hill v. Kelley*, No. 5:16-CV-248 JLH/PSH, 2017 WL 1240780, at *5 (E.D. Ark. Mar. 14, 2017), *report and recommendation adopted*, No. 5:16-CV-248 JLH/PSH, 2017 WL 1234137 (E.D. Ark. Apr. 3, 2017); *see also Jefferson v. Kelley*, No. 5:14-CV-414 DPM, 2016 WL 393889, at *1 (E.D. Ark. Jan. 29, 2016) ("*Martinez* applies to procedurally defaulted claims, not untimely ones."). Accordingly, the Court declines to extend *Martinez* to cover the instant case. Mr. McCaslin's time-barred ineffective-assistance-of-trial-counsel claim is not cognizable on federal habeas review.

In sum, the Court adopts the Proposed Findings and Recommendations in their entirety as this Court's findings of fact and conclusions of law (Dkt. No. 14). The Court dismisses with prejudice Mr. McCaslin's petition for a writ of *habeas corpus* and denies the relief requested therein (Dkt. No. 2). Finally, the Court declines to issue a certificate of appealability. Mr. McCaslin may still apply to the United States Court of Appeals for the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

It is so ordered this 2nd day of March, 2020.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Kristine G. Baker
　　　　　　　　　　　　　　　　　United States District Judge